UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
FAUZIA F. QAMAR                    :      3: 18 CV 1359 (JBA)
:
v.                                 :
:
SHERIDAN HEALTHCARE OF             :      DATE: AUG. 7, 2019
CONNECTICUT, P.C.                  :
:
---------------------------------------------------------x

## RULING ON PLAINTIFF'S MOTION TO COMPEL (DOC. NO. 31) AND PLAINTIFF'S MOTION FOR *IN CAMERA* REVIEW (DOC. NO. 34)

### I.   BACKGROUND

The plaintiff, Fauzia F. Qamar, the only full-time anesthesiologist employed by the defendant, Sheridan Healthcare of Connecticut, P.C., commenced this employment discrimination action on August 13, 2018 (Doc. No. 1). She filed an Amended Complaint on October 23, 2018 (Doc. No. 18) and a Second Amended Complaint on February 15, 2019 (Doc. No. 28). She alleges that she was discriminated against on the basis of her sex and retaliated against for complaining that her immediate supervisor tampered with drugs she was to administer to her patient, potentially endangering the life of her patient and costing the plaintiff her medical license. (Doc. No. 28).

On July 3, 2019, the plaintiff filed the pending Motion to Compel (Doc. Nos. 31-32) and Motion of *In Camera* Review (Doc. Nos. 33-34), both of which were referred to this Magistrate Judge on July 11, 2019 (Doc. No. 36). On July 24, 2019, the defendant filed its briefs in opposition to both motions. (Doc. Nos. 37-38). Discovery was scheduled to close in this case on August 1, 2019. (Doc. No. 20). For the reasons stated below, the plaintiff's Motion to Compel (Doc. No. 31) is *granted in part* and the Motion for *In Camera* Review (Doc. No. 33) is *granted.*

1

II. MOTION TO COMPEL

A. LEGAL STANDARD

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). The proportionality determination limits the scope of discovery by "considering the importance of the issues at stake[,]" the "amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense . . . outweighs the likely benefit" of the discovery sought. FED. R. CIV. P. 26(b)(1).

B. DISCUSSION

In the Motion to Compel, the plaintiff asks the Court to order the defendant to produce information of "comparators" to establish that similarly situated individuals were treated differently than the plaintiff. (Doc. No. 32, at 5-6). Specifically, the plaintiff seeks responses to her Request Nos. 17-19 and 21-23, in which she requests all documents contained in the personnel files of three non-parties, as well as documents concerning these individuals' performance. (Doc. No. 32 at 7-8 & Ex. A at 3-4, 6-8). The defendant objects on grounds that confidential personnel information of the defendant's employees, who are not parties to this action, is protected from disclosure by the Personnel Files Act, Conn. Gen. Stat. §§ 31-128a et seq., and common law, and that the three individuals are not similarly situated to the plaintiff. (*Id.*; *see also* Doc. No. 37 at 2-5). Additionally, the defendant argues both that the personnel files necessarily contain irrelevant information, including confidential, highly private records and that the request is overly broad because it is not limited to any timeframe. (Doc. No. 37 at 6).

1. COMPARATOR EVIDENCE

"A plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (citation and internal quotations omitted). "A plaintiff and potential comparators . . . need not be 'identical[.]'" *Metcalf v. Yale Univ.*, No. 15 CV 01696 (VAB), 2017 WL 627423, at *5 (D. Conn. Feb. 15, 2017) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000)). The "bar is set relatively low[,]" *Bagley v. Yale Univ.*, No. 13 CV 1890 (CSH), 2015 WL 8750901, at *2 (D. Conn. Dec. 14, 2015), as a comparator "must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination." *Id.* (citation and internal quotation omitted); *see Lizardo v. Denny's, Inc.*, 270 F.3d 94, 101 (2d Cir. 2001) (holding that comparators must be similar in "significant respects"); *see also Shumway v. United Parcel Svc., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) (affirming grant of summary judgment for the defendant on grounds that, *inter alia*, the individuals the plaintiff attempted to compare herself to were not "similarly situated in all material respects."). "An employee is similarly situated to co-employees if they were (1) 'subject to the same performance evaluation and discipline standards' and (2) 'engaged in comparable conduct.'" *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 493-94 (2d Cir. 2010) (quoting *Graham*, 230 F.3d at 40). "[A] key determinant as to the employees who are proper comparators with an employment discrimination plaintiff is whether they shared a common supervisor." *Russo-Lubrano v. Brooklyn Fed. Sav. Bank*, No. CV-06-672 (CPS)(VVP), 2007 WL 2126086, at *1 (E.D.N.Y. July 23, 2017).

In this case, the plaintiff seeks documents contained in the personnel files of three male anesthesiologists employed by the defendant during the relevant time period, who held the same

job title as the plaintiff, possessed the same or similar qualifications to the plaintiff, reported to the same supervisor, and were to be judged by the same standards as the plaintiff. (Doc. No. 32 at 9). The defendant, however, contends that the plaintiff's co-workers are not comparators because they did not engage in conduct similar to the plaintiff's. (Doc. No. 37 at 2-3).

Rather than just take the defendant's word for it, the plaintiff is entitled to discover whether these individuals have a record of criticism or performance issues and if so, how they were addressed by their mutual supervisor and whether there were complaints or investigations into these individuals for any misconduct. This issue of whether these individuals are ultimately appropriate comparators may be addressed at the summary judgment stage. *Kharazian v. Gerald Metals, LLC*, No. 3:16 CV 1762 (VAB), 2017 WL 11017757, at * 1 (D. Conn. Nov. 9, 2017) (declining to address, in the context of discovery, whether an individual is an appropriate comparator); *see, e.g., Shumway*, 118 F.3d at 64 (affirming summary judgment for the defendant on grounds, *inter alia*, that the individuals the plaintiff attempted to compare herself to were not "similarly situated in all material respects."); *see also Mandell*, 316 F.3d at 369 (holding that "[o]rdinarily, the question whether two employees are similarly situated is a question of fact for the jury."). That said, as explained below, the plaintiff's requests, as worded, are overly broad.

2. PRIVACY CONCERNS

Section 31-128f of the Connecticut General Statutes recognizes a privacy interest in personnel files, providing, in pertinent part: "No individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer . . . except . . . pursuant to a lawfully issued administrative summons or judicial order . . . ." *Id.* Thus, "courts may order the disclosure of employee documents that are relevant to a particular case as part of discovery."

*Metcalf*, 2017 WL 627423, at *5 (citing *Ruran v. Beth El Temple of West Hartford, Inc.*, 226 F.R.D. 165, 169 (D. Conn. 2005)); *see also Gibbs v. Am. Sch. for the Deaf*, No. 3:05 CV 563 (MRK), 2007 WL 1079992, at *1 (D. Conn. Apr. 4, 2007) (holding that "Judges in this District have repeatedly recognized that when personnel information . . . is necessary and relevant to a case, a court may order limited disclosure of that information consistent with the dictates of § 31-128f.").

In Request Nos. 17-19 and 21-23, the plaintiff seeks "all documents contained in [these] personnel files[,]" without limitation in time or subject matter. (Doc. No. 32, Ex. A at 3-8). Although there may be information contained within the personnel files that is relevant, there will be private and personal information that is not necessary or relevant to this litigation. That information may be redacted, and the confidentiality of the files are governed by the Standing Protective Order in this case.

Additionally, although the allegations at issue in this case are limited in time, the plaintiff's requests are not. The plaintiff alleges that she was treated differently by Dr. Soliman once he was named Chief in 2015. Prior to 2015, she "consistently received excellent performance evaluations." (Doc. No. 32 at 2). She asserts that, "[f]rom the time he became Chief, Dr. Soliman's behavior toward Dr. Qamar and other females working at [Day Kimball Hospital], including those employed by Defendant and not, was sexist, chauvinistic, vindictive, bullying, demeaning, threatening and retaliatory." (Doc. No. 32 at 2). According to the plaintiff, Dr. Soliman "treated male anesthesiologists and staff at [Day Kimball Hospital] more favorably." (Doc. No. 32 at 2). The timeframe relevant to the plaintiff's requests, therefore, is the time period during which Dr. Soliman was the Chief, or supervisor, of the plaintiff and the males whose records the plaintiff seeks. *Raghavan v. Bayer USA, Inc.,* No. 3:05 CV 682 (CFD), 2007 WL 2099637, at *3 (D. Conn.

July 17, 2007) (holding that because employee comparison evidence is limited to treatment of employees similarly situated to the plaintiff, evidence of how other supervisors treated employees with different work responsibilities than the plaintiff is not discoverable).

Accordingly, the plaintiff shall serve revised Request Nos. 17-19 and 21-23 limited in time, and with irrelevant and confidential information subject to redaction on or before August 16, 2019. The defendants shall serve their responses on or before August 30, 2019.

### 3. DOCUMENTS REGARDING DR. SOLIMAN

In addition to the foregoing, the plaintiff seeks a response to Request Nos. 16 and 20, in which she requests the documents in Dr. Soliman's personnel file, including documents concerning his performance, which the plaintiff claims should contain complaints of sexual harassment and discrimination from two additional employees. (Doc. No. 32 at 12-14 & Ex. B). The plaintiff also argues that the discovery concerning Dr. Soliman's performance issues from January 2015 until the plaintiff's termination are relevant as they relate to the plaintiff's claims of discrimination and retaliation. (Doc. No. 32 at 16).

The defendant served Supplemental Responses to this Request on June 18, 2019, in which the defendant disclosed documents "reflecting discrimination and Title VII training completed by Dr. Soliman[]"; the defendant also responded that it has "no record of Dr. Soliman attending anger management or receiving discipline." (Doc. No. 37 at 7-8). The defendant argues that Dr. Soliman's "own performance reviews have no relevance to whether he evaluated [the] [p]laintiff more or less fairly than her colleagues." (Doc. No. 37 at 8).

Information in Dr. Soliman's personnel file relating to his own discipline record is discoverable, and the defendant's Supplemental Responses suffice. The plaintiff argues that two female employees of the defendant, in addition to the plaintiff, filed complaints of sexual

harassment and discrimination related to the same or similar conduct by Dr. Soliman, as alleged by the plaintiff in this action. (Doc. No. 32, Ex. B). The defendant's Supplemental Responses are not responsive to this request. To the extent there are responsive documents, they shall be produced <u>on or before August 16, 2019</u>.

III. <u>MOTION FOR *IN CAMERA* REVIEW</u>

The plaintiff moves the Court to conduct an *in camera* review of documents sent to or copied to the defendant's in-house counsel; the defendant has withheld these documents and designated them in its privilege logs. (Doc. No. 34 & Ex. A). The plaintiff argues that the communications may not be privileged if in-house counsel offered the same advice or suggestions that non-lawyers could provide. (Doc. No. 34 at 3).

"The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining providing legal assistance." *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). The application of this privilege "sometimes requires nuance[]" as the "line between legal advice and non-legal advice is hazy. In particular, the line between business advice and legal advice is blurry when an attorney work[s] in-house for a corporate client." *Valente v. Lincoln Nat'l Corp.*, No. 3:09 CV 693(MRK), 2010 WL 3522495, at * 3 (D. Conn. Sept. 2, 2010). The Court, however, recognizes the chilling effect that the production of confidential communications with in-house counsel would have on employers. Consequently, in an abundance of caution, the Court will review the nine documents listed on the privilege log. <u>On or before August 9, 2019</u>, the defendant shall submit the documents to the Court for *in camera* review.[1]

---

[1] Defense counsel shall contact Chambers for instructions for the form of submission of these *in camera* documents.

IV.  CONCLUSION

Accordingly, this Court concludes that the plaintiff's Motion to Compel (Doc. No. 31) is *granted in part*, and the plaintiff's Motion for *In Camera* Review (Doc. No. 33) is *granted*.[2]

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 7th day of August, 2019.

       /s/ Robert M. Spector_____
       Robert M. Spector
       United States Magistrate Judge

---

[2] If either counsel believes a settlement conference would be productive, counsel shall contact Chambers.